# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **EVOLVE INTERACTIVE LLC,**<br><br>Plaintiff<br><br>v.<br><br>**STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,**<br><br>Defendant | **Case No. 6:20-cv-00656**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

For its Complaint, Evolve Interactive LLC ("Evolve"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Evolve is a Texas limited liability company with a place of business located at 312 W. 8th Street, Dallas, Texas 75208.

2. Defendant Starwood Hotels & Resorts Worldwide, LLC is a Maryland company, with, upon information and belief, a place of business located at 10400 Fernwood Road, Department 955.23, Bethesda, Maryland 20817.

3. Defendant was formerly known as Starwood Hotels & Resorts Worldwide, Inc.

4. Defendant has registered with the Texas Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

6. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

7. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

8. Venue is proper in this district pursuant to § 1400(b).

## THE PATENT-IN-SUIT

9. On June 27, 2006, U.S. Patent No. 7,068,596 (the "'596 patent"), entitled "Interactive Data Transmission System Having Staged Servers," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '596 patent is attached hereto as Exhibit A.

10. Evolve is the assignee and owner of the right, title and interest in and to the '596 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,068,596

11. Evolve repeats and realleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claim 24 of the '596 patent by making,

using, importing, offering for sale, and/or selling, systems and methods for interactively controlling from one of a plurality of network devices a flow of audio visual data from a central server to the network device, including, but not limited to, IPTV (the "Accused Instrumentality"), because each and every element is met either literally or equivalently.

13. Upon information and belief, Defendant installed, used and tested the Accused Instrumentality in its hotels in the United States, directly infringing one or more claims of the '596 patent.

14. The Accused Instrumentality satisfies each and every element of each asserted claim of the '596 patent, either literally or under the doctrine of equivalents. An exemplary preliminary claim chart illustrating infringement of claim 24 is attached hereto as Exhibit B, and incorporated herein by reference.

15. Evolve is entitled to recover from Defendant the damages sustained by Evolve as a result of Defendant's infringement of the '596 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Evolve hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Evolve requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '596 patent;

B. An award of damages to be paid by Defendant adequate to compensate Evolve for Defendant's past infringement of the '596 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Evolve's reasonable attorneys' fees; and

D. An award to Evolve of such further relief at law or in equity as the Court deems just and proper.

Dated: July 20, 2020

Respectfully submitted,

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

Richard C. Weinblatt
(*pro hac vice* application to be filed)
weinblatt@swdelaw.com

STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Tel: (302) 999-1540
Fax: (302) 762-1688

ATTORNEYS FOR PLAINTIFF

4